| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE<br>SUPERIOR DIVISION |
| COUNTY OF DURHAM | 20 CVS 2315 |



| | |
|---|---|
| BOBBY S. LEACH, | |
| Plaintiff, | |
| v. | **AMENDED COMPLAINT**<br>**(Jury Trial Demanded)** |
| BLACKHAWK TRANSPORT, INC., | (COMP) |
| Defendant. | |

**NOW COMES** Plaintiff, by and through his undersigned counsel, and prior to the service of responsive pleadings, who upon information and belief amends his Complaint as a matter of right, pursuant to Rule 15(a) of the North Carolina Rules of Civil Procedure, N.C. Gen. Stat. § 1A-1, so that it reads as follows:

## INTRODUCTION

1. This action concerns Plaintiff Bobby S. Leach's injuries caused by improperly maintained and/or improperly set up equipment owned by Defendant Blackhawk Transport, Inc. that was kept at Plaintiff's employer's place of business for Defendant Blackhawk Transport, Inc.'s benefit and as part of Defendant Blackhawk Transport, Inc.'s ordinary business activities.

2. Plaintiff Bobby S. Leach was left severely and permanently injured as a result of this incident.

## PARTIES, JURISDICTION AND VENUE

3. Plaintiff Bobby S. Leach ("Plaintiff") is a citizen and resident of Lillington, Harnett County, North Carolina.

1

4.    Defendant Blackhawk Transport, Inc. ("Defendant") is a Delaware corporation and maintains its corporate headquarters at 3800 Gateway Blvd., Suite 100, Beloit, WI 53511. Defendant maintains an agent for service of process care of Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808, and may also be served with process on its President and CEO Mike Holloway at 3800 Gateway Blvd, Suite 100, Beloit, WI 53511.

5.    All of the negligent actions described in this Complaint were conducted by Defendant's agents and employees in the course and scope of their agency and service for Defendant, making Defendant vicariously liable for those actions under the doctrine of *respondeat superior*.

6.    Defendant's agents and employees responsible for Plaintiff's injuries will be identified in discovery and Plaintiff reserves the right to amend his pleadings to include those individual agents and employees.

7.    At all times relevant, Defendant usually did business in Durham County and throughout the State of North Carolina.

8.    Jurisdiction is proper in this honorable Court pursuant to N.C. Gen. Stat. § 7A-243.

9.    Venue is proper in this honorable Court pursuant to N.C. Gen. Stat. § 1-80.

## FACTUAL ALLEGATIONS

10.    On February 12, 2019, Plaintiff was performing his normal work duties as a receiving manager for his employer TCG Legacy located at 191 Technology Drive, Garner, North Carolina.

11.    On the same date, Defendant owned a trailer that it negligently set up and placed on the property of Plaintiff's employer, TCG Legacy.

12. As part of Defendant's ordinary business activities, it sets up trailers for its customers, including TCG Legacy, to load recyclable products for Defendant to sell and process.

13. On the same date as part of Plaintiff's duties for TCG Legacy, Plaintiff was operating a forklift to load bales of recycling into the trailer owned by Defendant.

14. On the same date while Plaintiff was loading the Defendant's trailer, the trailer suddenly collapsed.

15. The trailer suddenly collapsed because Defendant, through one of its agents acting in the course and scope of their agency and employment, negligently failed to properly set up the trailer and ensure that it was stable.

16. The sudden collapse of the trailer caused Plaintiff's forklift to be thrown to the right against the wall of the trailer, which caused Plaintiff to violently strike his right shoulder against the side of the forklift.

17. At all times relevant to this incident, Defendant owned and maintained the recycling truck including the trailer's landing gear.

18. As a result of Defendant's negligence, Plaintiff suffered permanent, severe and painful injuries.

## FIRST CAUSE OF ACTION
### NEGLIGENCE

19. Plaintiff incorporates and restates all preceding paragraphs.

20. Defendant owed a duty of care to the community and its customers' employees, including the Plaintiff, to exercise reasonable care to prevent harm.

21. Defendant breached that duty of care, including but not limited to the following acts or omissions which were negligent and grossly negligent:

   a. Defendant failed to maintain its equipment in a reasonably safe condition;

3

b. Defendant failed to develop, implement, and maintain proper safety procedures and protocols concerning the safe installation and maintenance of its equipment, including the equipment maintained at TCG Legacy located at 191 Technology Drive, Garner, North Carolina;

c. Defendant failed to properly set up the landing gear to hold the weight of the machinery intended to be used in the trailer and loaded contents, including the forklift Plaintiff operated and the bales of recycling being loaded;

d. Defendant failed to properly monitor and make reasonable inspections to correct unsafe conditions, which such inspections would have revealed;

e. Defendant created a hazardous condition;

f. Defendant failed to take such other and reasonable actions as necessary to protect the community and its customers' employees, including the Plaintiff; and

g. In other respects to be revealed in discovery.

22. The collapse of the trailer and Plaintiff's injuries were a foreseeable consequence of Defendant's negligence.

23. As a direct and proximate result of the incident described above, Plaintiff was severely and permanently injured, causing Plaintiff tremendous pain and suffering, debility, and other damages.

## PRAYER FOR RELIEF

24. As a proximate result of the aforesaid negligence of Defendant, Plaintiff has sustained damages and will continue to sustain damages in the future, including but not limited to the following:

a. Physical injuries;

b. Pain and suffering;

c. Medical expenses;

d. Lost wages;

4

e. Impairment; and

f. Such other damages as may be shown at trial.

25. As a direct and proximate result of these personal injuries, Plaintiff is entitled to recover damages from Defendant, in excess of Twenty-Five Thousand Dollars ($25,000.00).

**WHEREFORE**, Plaintiff prays the Court that he has and recovers:

1. Judgment against Defendant for compensatory damages, in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00).

2. Trial by jury of all issues of fact so triable herein;

3. Pre-judgment and post-judgment interest as provided by law;

4. The costs of this action;

5. Plaintiff's attorneys' fees; and

6. Such other and further relief as the Court may deem just and proper.

This the 22nd day of July, 2020.

**LAW OFFICES OF JAMES SCOTT FARRIN**
Attorneys for Plaintiff

By: /s/ Walter Wood

Walter McBrayer Wood (State Bar No. 33537)
280 S. Mangum Street, Suite 400
Durham, North Carolina 27701
Telephone: (919) 688-4991
Facsimile: (919) 246-0432